PER CURIAM.
Appellant was convicted of attempted felony murder, three counts of robbery with a firearm, and attempted robbery with a firearm. He was sentenced as an habitual felony offender (HFO)/prison re-leasee reoffender (PRR) to concurrent terms of life imprisonment on the attempted felony murder and robbery counts, and on the attempted robbery count to fifteen years in prison as an HFO with a fifteen-year minimum mandatory term of imprisonment as a PRR. As the state concedes, appellant’s concurrent sentences under the HFO/PRR statutes need to be reversed under Grant v. State, 770 So.2d 655 (Fla.2000). While Grant rejected the argument that the dual designation violates double jeopardy principles, such a dual designation is still prohibited where, as here, the HFO sentence is not harsher than the PRR sentence. See id. at 659 (“[Bjecause ‘section 775.082(8)(c) only authorizes the court to deviate from the [Act’s] sentencing scheme to impose a greater sentence of incarceration,’ a trial court is ‘without authority to sentence [a defendant to an equal sentence] under the habitual felony offender statute,’ even where such sentence is imposed concurrently with the PRR sentence.”) (citation omitted).
As to the remaining points on appeal, we affirm as unpersuasive.
AFFIRMED in part; REVERSED in part and REMANDED for resentencing in accordance with this opinion.
POLEN, C.J., STEVENSON and TAYLOR, JJ., concur.